IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Glynndeavin von Fox,** | ) | Case No. 2:16-cv-131-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **The State of South Carolina, and** | ) | |
| **Charleston County Clerk of Court** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the fourth of many civil actions filed recently in this Court,[1] Plaintiff sues the State of South Carolina and the Charleston County Clerk of Court, complaining of alleged HIPPA violations. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I. Relevant Law**

    **A. Liberal Construction for *Pro se* filings**

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16cv394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert.*

*denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted Based on Plaintiff's Affidavit

In his IFP motion dated January 12, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that as of January 10, 2016, he had $800.00 in his bank account. (*Id*. ¶ 4). [3] Plaintiff also indicates he has assets valued at $140,000.00.

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

(*Id*. ¶ 5).[4] Plaintiff indicates that he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and has "no debts or other financial obligations." (*Id.* ¶¶ 6, 8).

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[5]

### B. The Complaint is Frivolous, Fails to State a Claim, and Attempts to Sue Parties Protected by Immunity

---

[4] In other IFP motions recently filed in this Court, Plaintiff indicates the $140,000.00 valuation is for "real estate and stocks." *See, e.g.,* D.S.C. Case No. 2:16-cv-181, DE# 3.

[5] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appear "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

The Complaint is also subject to dismissal because it is frivolous and fails to state a claim for which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[6] The United States Supreme Court has explained that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S 319, 325 (1989).

The Complaint's allegations are nonsensical and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). For his "claim," Plaintiff, in part, states the following:

> I was forced on medication …that the Japanese Immigration was supposed to make me take on an international flight from Narita Airport (NRT) to John F. Kennedy (JFK), which I refused after we passed over Russian airspace in the Russian Far East when the pilot data burst the flight crew, passenger list, and cargo to Moscow under the disputed treaty with Japan from the Russo-Japanese War over the islands North of Hokkaido. They attempted again to make me take the medication over international waters near the Aleutian Islands of Alaska, which I refused, and there were numerous Americans on board to witness this.) (sic) in a hospital in Tokyo, Japan from a Buddhist doctor that has to be Buddhist in Japan to hold a medical license. That is because Japan has no separation of church and state with Shinto being the national religion as the Emperor of Japan (Akihito) is considered a Shinto god. This is even after General MacArthur reestablished the Japanese monarchy with the help of the British Crown after WWII with Emperor Hirohito who attached the Pacific Fleet at Pearl Harbour. (sic). With this being an issue, the Charleston County Clerk of Court posted a conditional treatment that is not even in the manner of what I receive from Dr. Lisa Boyar at MUSC after she refused medical service to me and violated my civil rights in doing so without cause through her supervisor….Also I have SERE training from the USAF to handle situations in a foreign country whilst being held by that foreign country without cause under torture and non-compliance with the United Nations.

---

[6] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

> I also have no criminal record history through the FBI, Interpol, or the State of South Carolina. So the publishing of the information on a public website only allows for the state to not only break my HIPAA laws regarding medical treatment, but to influence a court in the United States of America through intimidation. This is shows as the PTI coordinator Ty Falconer constantly refers to the need for Psychiatric treatment for anger counseling in the federally funded program that I have a private psychiatrist and private psychologist run test on me to show that I am not in need of anger management counseling in a family court in the 9th Solicitor's circuit.

(DE# 1 at 4-5). Plaintiff's allegations, even when liberally construed, lacks an arguable basis either in law or in fact. (See DE# 1 at 4-5).[7] Plaintiff alleges no facts that could be reasonably construed as stating a plausible claim.

Although Plaintiff appears to allege violation of the Health Insurance Portability and Accountability Act ("HIPAA"), it is well-settled that such statute provides no private right action. *See, e.g., Yarborough v. King,* 2011 WL 5238920, *5 (D.S.C. October 3, 2011), *adopted by* 2011 WL 5151757 (D.S.C., Oct. 31, 2011) (summarily dismissing complaint for failure to state a claim); *Mallgren v. Burkholder*, 52 F.Supp.3d 490 (E.D.N.Y. Oct. 8, 2014) (same). HIPAA regulations are enforceable by the Secretary of Health and Human Services, and do not provide a private cause of action to individuals. 42 U.S.C. § 1320d–6(a)(2); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir.2010).[8]

Additionally, Plaintiff is attempting to sue the state of South Carolina, which is protected from suit by the Eleventh Amendment. The United States Supreme Court has repeatedly held that "an unconsenting State is immune from suits brought in federal courts by her own citizen." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state,

---

[7] "PTI" is an abbreviation for pre-trial intervention. See SC, Section 17-22-30. A state records check reflects that Plaintiff was arrested on January 5, 2013, on criminal charges, including assault on a police officer (SC statute 16-3-630a) and throwing of bodily fluids (SC statute 24-13-470). See http://southcarolina.arrests.org.

[8] HIPAA regulations provide a process for persons to request amendments of records. 45 C.F.R. § 164.526(b)-(d).

including a state's agencies and courts. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). The State of South Carolina is protected from Plaintiff's claims by the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). South Carolina has not consented to suit in federal district court. S.C.Code Ann § 15–78–20(e). *Davis v. Wilson*, 539 F.App'x 145 (4th Cir.(S.C.), Sep. 4, 2013), *cert. denied*, 134 S.Ct. 940 (2014).

Plaintiff makes a conclusory and incoherent claim against the Charleston County Clerk of Court. (DE# 1 at 4). Even if a comprehensible claim were stated, any such claim would be barred by the doctrine of absolute quasi-judicial immunity. *Baccus v. Wickensimer*, Case No. 9:13–cv–1977-DCN-BM, 2013 WL 6019469, *2  (D.S.C. Nov. 13, 2013) (summarily dismissing, citing *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir.1975)).

Even liberally construing the Complaint, and taking any nonconlusory allegations as true, this case is subject to summary dismissal. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C.  Sept. 5, 2013) (dismissing case on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were frivolous and failed to state a claim for relief). As the Plaintiff has not stated a claim that arises under federal law, the Court also appears to lack federal question jurisdiction. See 28 U.S.C. § 1331.

Finally, the relief the *pro se* Plaintiff seeks would not be available or appropriate. He seeks "around 3.1 million, with the award being able to be given in real estate in Mid-Town Manhatten, New York City, New York, or a stock option in Apple (APPL), Google (Goog), Microsoft

(MSFT), or the commodity market in British Petroleum (BP)." (DE# 1 at 7, "What I Would Like the Court to Do").

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016  
Charleston, South Carolina

*/s/ Mary Gordon Baker*  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).